IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN H. HUMPHREYS, JR., | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 13-cv-3516 |
| | : | |
| JOHN E. WETZEL, et al. | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE                                    October 10, 2013

Currently pending before the Court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Edwin H. Humphreys, Jr., an individual currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania. Petitioner has filed a motion to stay his habeas proceedings while he litigates his state collateral relief petition. For the reasons that follow, I respectfully recommend that the motion be **GRANTED** and the petition be **STAYED and held in ABEYANCE** until Petitioner's state court proceedings have concluded.

### I.    FACTS AND PROCEDURAL HISTORY[1]

In 1982, Petitioner was convicted in the Delaware County Court of Common Pleas of second-degree murder and related offenses, and was sentenced to life imprisonment without the possibility of parole. The Superior Court of Pennsylvania affirmed the conviction and sentence on direct appeal. Petitioner claims that he was seventeen years old at the time of the crimes.

On August 13, 2012, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq., alleging that his life

---

[1] The procedural history has been gathered from Petitioner's petition for writ of habeas corpus (ECF No. 4), his stay motion (ECF No. 5), and the Court of Common Pleas of Delaware County criminal docket, Pennsylvania No. CP-23-CR-0004932-1981.

sentence violates the rule recently announced by the United States Supreme Court in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). Now before the Court is Petitioner's motion to stay this matter pending resolution of his PCRA petition.

## II. DISCUSSION

In *Miller v. Alabama, supra*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460.

Prior to *Miller*, Pennsylvania's sentencing statute provided for mandatory sentences of life without parole for those convicted of first or second degree murder, regardless of the age of the defendant at the time of the crime.[2] *See* 18 Pa. C.S.A. § 1102(a); *see also Commonwealth v. Batts*, 66 A.3d. 286 (Pa. 2013). In response to *Miller*, the Pennsylvania legislature amended the statute to provide for alternatives to life without parole for those under eighteen years of age.[3] *See* 18 Pa. C.S.A. § 1102.1. However, the new amendments apply only to those who were convicted after June 24, 2012. *See* 18 Pa. C.S.A. § 1102(c)(1).

While the Pennsylvania Supreme Court has held that *Miller* applies to those prisoners whose sentences were not yet final at the time of *Miller* because they still had decisions pending on direct review, *Batts,* 66 A.3d at 297, the Court has not yet addressed whether *Miller* applies retroactively to prisoners whose sentences became final before the *Miller* decision was handed

---

[2] Those convicted of first degree murder could receive a death sentence. If a defendant was not sentenced to death, then the statute mandated life without parole. *See* 18 Pa. C.S.A. § 1102(a)(1) (subsequently amended).

[3] *Miller* did not foreclose sentences of life without parole for juveniles if they are issued through individualized sentencing procedures that allow the sentencing judge to consider the mitigating qualities of youth. *Miller*, 132 S. Ct. at 2467 (citation omitted).

down. The Court is set to consider this issue, however, in *Commonwealth v. Cunningham*, No. 38 EAP 2012 (Pa., argued Sept. 12, 2012).[4]

In order for this Court to consider Petitioner's *Miller* claim, it must be exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A). To comply with the exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts before seeking federal habeas relief by invoking "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Petitioner's *Miller* claim is clearly unexhausted because it is currently pending before the state courts in a PCRA petition.

The United States Supreme Court has expressly approved the use of stay-and-abeyance procedures in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Faced with a mixed petition containing both exhausted and unexhausted claims, the Supreme Court recognized the potential "risk of [petitioners] forever losing their opportunity for any federal review of their unexhausted claims," and allowed courts to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275. The Third Circuit has extended *Rhines* to allow district courts to stay and abey petitions containing only unexhausted claims. *See Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009). However, the Supreme Court has "cautioned that '[s]tay and abeyance, if employed too frequently, has the potential to undermine' the purposes of the . . . [AEDPA]: reducing delays in the execution of sentences, encouraging petitioners to seek collateral state court relief in the first instance, and giving petitioners an incentive to exhaust all their claims in state court prior to

---

[4] I note that the Third Circuit recently found that three state prisoners who have been serving life sentences since they were juveniles "made a prima facie showing that *Miller* is retroactive" for purposes of filing successive habeas petitions under 28 U.S.C. § 2244. *See In re: Pendleton*, No. 12-3617, 2013 WL 5486170, at *2 (3d Cir. Oct. 3, 2013).

3

filing their federal petition." *Grundy v. Pennsylvania*, 248 Fed. App'x 448, 451 (3d Cir. 2007) (quoting *Rhines*, 544 U.S. at 277). Therefore, a district court may issue a stay where: "(1) good cause exists for the petitioner's failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory or abusive tactics." *Id.* (*citing Rhines*, 544 U.S. 277-78).

As noted above, Petitioner's *Miller* claim is unexhausted and is currently pending before the PCRA court. Presumably, the PCRA Court is holding the PCRA petition pending the Pennsylvania Supreme Court's decision in *Commonwealth v. Cunningham*, which will address whether *Miller* applies retroactively to prisoners like Petitioner whose sentence became final prior to the decision in *Miller*. For the reasons that follow, I conclude that a stay is appropriate.

First, Petitioner has good cause for not previously raising his *Miller* claim, because the *Miller* case was not decided until June 25, 2012, less than two months before he filed his PCRA petition. Second, Petitioner's *Miller* claim is not "plainly meritless." Indeed, if it is determined that *Miller* applies retroactively, it may well apply in Petitioner's case, as it appears that he was a juvenile when he committed the crime and received a mandatory life sentence without the possibility of parole.[5] Finally, nothing in the record suggests that Petitioner has engaged in intentional dilatory or abusive tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, staying this petition will further the interests of *Rhines* by preserving federal review while also allowing the state courts the first opportunity to determine the appropriate mechanism for sentencing juveniles in light of *Miller*. *See Graham v. Florida*, 130 S. Ct. 2011, 2030 (2010) ("it is for the State, in the first instance, to explore the means and mechanisms for compliance" with the Eighth

---

[5] In his stay motion, Petitioner claims that he was seventeen years old at the time of the crimes. According to the state court docket, however, Petitioner was born on May 24, 1965, which would make him sixteen when he committed the crimes on September 24, 1981. *See* Pennsylvania Docket, No. CP-23-CR-0004932-1981, at 1.

Amendment).

Accordingly, I recommend that Petitioner's stay motion be granted, and the instant habeas petition be placed in suspense. I also recommend that Petitioner and Respondents be directed to notify the District Court within thirty days of the conclusion of Petitioner's state court proceedings and provide a status update on the instant matter.[6] *See Rhines*, 544 U.S. at 277 (a petition "should not be stayed indefinitely").

Therefore, I respectfully make the following:

---

[6] Petitioner has also filed a motion for appointment of counsel. (ECF No. 7). This motion will be denied without prejudice, pending further proceedings in this Court, as may be appropriate.

# R E C O M M E N D A T I O N

AND NOW, this   10th   day of October, 2013, IT IS RESPECTFULLY RECOMMENDED that Petitioner's Motion to the District Court to Stay and Abey Petitioner's Federal Habeas Petition (ECF No. 5) be GRANTED and the petition for writ of habeas corpus be STAYED and held in ABEYANCE while Petitioner litigates his PCRA petition in the state courts.  It is FURTHER RECOMMENDED that the District Court direct Petitioner and Respondents to notify the District Court within thirty days of the conclusion of Petitioner's state proceedings, to inform the Court of the status of Petitioner's habeas petition.

Petitioner may file objections to this Report and Recommendation.  *See* Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

>BY THE COURT:
>
> /s/ Lynne A. Sitarski
>LYNNE A. SITARSKI
>UNITED STATES MAGISTRATE JUDGE